Filed 5/23/13  Aghchay v. U.S. Bank  Nat. Assn. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| REBA AGHCHAY, | B238430 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. LC093456) |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard A. Adler, Judge.  Affirmed.

Ajalat & Ajalat, Lawrence A. Ajalat; Law Office of Joseph Trenk and Joseph Trenk for Plaintiff and Appellant.

AlvaradoSmith, S. Christopher Yoo, Yunnie Youn Ahn and Thomas Van for Defendants and Respondents.

## INTRODUCTION

Plaintiff and appellant Reba Aghchay (plaintiff) appeals from a judgment in favor of defendants and respondents U.S. Bank N.A., successor in interest to the Federal Deposit Insurance Corporation as receiver for PFF Bank and Trust, JPMorgan Chase Bank, N.A. and California Reconveyance Company (defendants), following the trial court's sustaining of defendants' demurrer to the original complaint without leave to amend. Plaintiff contends the trial court erred in concluding that her complaint was barred by res judicata and in denying leave to amend. We disagree and affirm.

## FACTUAL BACKGROUND

In 2004, plaintiff borrowed $1,120,000.00 from Washington Mutual Bank, FA and executed a deed of trust (Deed of Trust) on the property located at 3784 Deervale Drive, Sherman Oaks, California (Property) securing payment of the loan. Washington Mutual Bank, FA was the lender and beneficiary of the Deed of Trust, and California Reconveyance Company was the trustee. In December 2008, a Notice of Default and Election to Sell Under Deed of Trust was recorded stating that plaintiff owed $65,810.79 in "past due payments plus permitted costs and expenses." A trustee's sale in connection with the deed of trust was held on August 25, 2009 at which JPMorgan Chase Bank, N.A. purchased the Property. In October 2009, an Assignment of Deed of Trust was recorded assigning all beneficial interest in the Deed of Trust to U.S. Bank N.A.

## *PROCEDURAL BACKGROUND*

On April 29, 2010, plaintiff filed an action against U.S. Bank N.A., JPMorgan Chase Bank, N.A., and U.S. Bancorp based on the foreclosure of the Property (2010 Lawsuit). The complaint alleged that the defendants agreed to a short sale of the Property (a sale for less than the balance due on the note) but then refused to complete the short sale and cancel the foreclosure sale as promised. Plaintiff alleged causes of action for fraud, breach of implied contract, cancellation of written instrument, and quiet title. On April 5, 2011, the court sustained the defendants' demurrer to the Third Amended Complaint without leave to amend. Judgment dismissing the complaint was entered on April 5, 2011, and plaintiff filed a notice of appeal on April 22, 2011. The appeal was dismissed on June 13, 2011 due to plaintiff's failure to procure the record.

On April 26, 2011, plaintiff filed the complaint in the underlying action (2011 Lawsuit). The complaint alleged causes of action for "lack of standing," violation of Business and Professions Code § 17200 and Penal Code § 115.5, and intentional infliction of emotional distress. The lack of standing claim alleged that "Defendants . . . do not have the right to foreclose on the [Property] because Defendants . . . have failed to perfect any security interest in the [Property]." The claim for statutory violations alleged that defendants had "fraudulently and knowingly procured or offered false or fraudulently prepared documents to fabricate the missing gaps in the chain of title . . . and allowed these documents to be filed, registered, or recorded in California in violation of California Penal Code § 115.5." The final claim

alleged that defendants' wrongful foreclosure of the Property caused plaintiff emotional distress.

Defendants filed a demurrer arguing the action was barred by res judicata, plaintiff had not alleged tender, and each claim failed to state facts sufficient to constitute a cause of action. Plaintiff did not file an opposition. At the hearing, the court stated that the primary right involved in both actions was the same, and asked how plaintiff would amend to cure the defects in the complaint. Plaintiff's counsel acknowledged that the "[f]undamental facts are the same" in both actions, and that "the transaction is essentially the same . . . it's the same foreclosure, same property." However, plaintiff's counsel also argued that the two actions were "different" because the first case addressed the failed short sale that "led to the foreclosure" while the second case involved "the trustees' standing to conduct [the] foreclosure."

The court sustained the demurrer in its entirety without leave to amend on the grounds that the action was barred by the doctrine of res judicata, plaintiff had not made a valid tender offer, and each claim failed to state facts sufficient to constitute a cause of action. Plaintiff filed a motion for reconsideration which the court denied on the grounds that it was not based upon new or different facts, circumstances or law. An order dismissing the complaint was entered on November 10, 2011. Plaintiff filed a timely appeal.

## DISCUSSION

1. *Standard of Review*

On appeal from a dismissal following the sustaining of a demurrer, we review the complaint de novo to determine whether it alleges facts stating a cause of action under any legal theory. (*Linear Technology Corp. v. Applied Materials, Inc.* (2007) 152 Cal.App.4th 115, 122.) " ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.]" ' " [¶] "When a demurrer is sustained without leave to amend, the reviewing court must determine whether there is a reasonable probability that the complaint could have been amended to cure the defect; if so, it will conclude that the trial court abused its discretion by denying the plaintiff leave to amend. [Citation.] The plaintiff bears the burden of establishing that it could have amended the complaint to cure the defect. [Citation.]" (*Sprinkles v. Associated Indemnity Corp.* (2010) 188 Cal.App.4th 69, 75-76.)

2. *Res Judicata*

Plaintiff contends that her action was not barred by the doctrine of res judicata because the two lawsuits were based on different facts. " 'Res judicata' describes the preclusive effect of a final judgment on the merits. Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896.) "Res judicata applies when (1) the claim raised in the prior adjudication is identical to the claim presented in the later action; (2) the prior

5

proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior adjudication.  [Citation.]"  (*In re Anthony H*. (2005) 129 Cal.App.4th 495, 503.)

For purposes of res judicata, the term "cause of action" refers neither to the legal theory asserted by a plaintiff nor to the remedy the plaintiff seeks.  (*Mycogen Corp. v. Monsanto Co*., *supra*, 28 Cal.4th at p. 904.)  Instead, "California has consistently applied the 'primary rights' theory, under which the invasion of one primary right gives rise to a single cause of action."  (*Slater v. Blackwood* (1975) 15 Cal.3d 791, 795-796 [noting that "the phrase 'cause of action' is 'often used indiscriminately to mean what it says and to mean *counts* which state differently the same cause of action. . . . ' "])  "As far as its content is concerned, the primary right is simply the plaintiff's right to be free from the particular injury suffered.  [Citation.]"  (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 681.)

Plaintiff does not dispute that she brought the 2010 Lawsuit or that the 2010 Lawsuit resulted in a final judgment on the merits.  Plaintiff only argues that the claims raised in the 2010 Lawsuit were different than the claims alleged in the present action.  Plaintiff argues that different primary rights were at issue in the first and second actions because the lawsuits were based on "different facts:" "the 2010 lawsuit was based upon the agency relationship between US Bank and JPMorgan such that JPMorgan had the power and authority to negotiate a loan modification and/or short sale on behalf of Plaintiff.  This 2011 lawsuit is based upon the lack of standing the Trustee had under the Deed of Trust to conduct the foreclosure sale."  In making this argument,

6

plaintiff mischaracterizes the primary right based upon the legal theories alleged, not the "right to be free from the particular injury suffered." (*Crowley v. Katleman, supra,* 8 Cal.4th at p. 681.)

The primary right at issue in the first action and second action was the same. The first action was based on the defendants' alleged wrongful foreclosure of the Property despite their promise to proceed with a short sale. The second action was based on defendants' alleged wrongful foreclosure of the Property despite their "fail[ure] to perfect any security interest in the [Property]." The primary right involved in both proceedings was plaintiff's "right to be free from" the wrongful foreclosure of her Property. (*Crowley v. Katleman, supra,* 8 Cal.4th at p. 681.)

3.     *New Facts*

Plaintiff also contends that res judicata does not apply because the 2011 Lawsuit was based on new facts. "Res judicata serves as a bar to all causes of action that were litigated or that could have been litigated in the first action. [Citations.] . . . [¶] But where it cannot be said that plaintiff knew or should have known of the claim when the first action was filed, res judicata should not bar the second action. [Citation.]" (*Allied Fire Protection v. Diede Construction, Inc.* (2005) 127 Cal.App.4th 150, 155-156.) Plaintiff claims that after she filed the 2010 Lawsuit she heard reports in the media stating that lenders were using improper foreclosure procedures such as robo-signing. She thereafter obtained an analysis of the foreclosure of her Property and the resulting report "formed the basis of the allegations in the 2011 Lawsuit."

7

Plaintiff's counsel, however, did not make this argument in opposition to the defendants' demurrer. Therefore, she forfeited the argument on appeal. (*Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2006) 136 Cal.App.4th 212, 226.) Plaintiff argues that she did make this argument in her motion for reconsideration. However, those facts did not constitute "new or different facts" within the meaning of Code of Civil Procedure section 1008 because they were apparently known to plaintiff when she opposed the demurrer. (*New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 213.) As the trial court stated: "Plaintiff's assertion of 'new facts' points to the wrong time period. On a motion for reconsideration, Plaintiff is required to articulate facts which were unknown to her at the time of the hearing on the motion as to which she seeks reconsideration." Plaintiff does not argue here that she was unaware of the "new facts" at the time of the hearing on the demurrer, but only argues that these facts came to her attention after the 2010 Lawsuit was filed.

Plaintiff contends that she "did not, and couldn't have known she needed to, include any allegations in the 2011 Lawsuit regarding newly acquired information . . . ."[*] However, plaintiff may have been entitled to amend her complaint to allege these facts had she argued in opposition to the demurrer that her claims in the

---

[*] Plaintiff also points out that a Notice of Related Actions was filed in the department where the 2010 Lawsuit was assigned, and the court found that the two actions were not related. Plaintiff argues that the court therefore determined that the two actions were based on different facts. We disagree. The relating of cases is a case management tool used to promote judicial efficiency and prevent plaintiffs from "judge-shopping." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2012) ¶ 12:38 at 12(I)-B.) The court's decision to relate a case or not does not affect the court's rulings on the merits of the action.

2011 Lawsuit were based on newly discovered information. Plaintiff did not file an opposition and her counsel did not argue at the hearing that her claims were based on new facts. Accordingly, plaintiff has forfeited this argument on appeal. Moreover, even assuming the argument was not forfeited, the trial court found that plaintiff's claims failed on alternate grounds and, as explained below, plaintiff has not shown how she could amend to cure the defects in the complaint.

4.     *Leave to Amend*

The trial court also sustained defendants' demurrer on the grounds that plaintiff had not made a valid tender offer or alleged sufficient facts to state each cause of action. Plaintiff does not dispute that she was required to make a valid tender offer in order to set aside the foreclosure sale or that she failed to do so. Nor does plaintiff dispute that her complaint failed to allege sufficient facts to state a claim. Plaintiff only argues that she could have cured the defects in her complaint had she been granted leave to amend.

Plaintiff has not shown that she could successfully amend the complaint. When a demurrer is sustained without leave to amend, a plaintiff may show in the first instance on appeal how the complaint can be amended to state a cause of action. (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1386.) The burden is on the plaintiff to show " 'in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading. [Citation.]' " (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.) Here, plaintiff makes the general argument that "any deficiencies that exist in the allegations of each of the [] causes of action can be cured if Plaintiff is given the opportunity." In addition, plaintiff

states that she would amend the complaint to allege that "Respondent" did not comply with the Deed of Trust's provision that "Lender, at its option, may from time to time appoint a successor trustee to any Trustee to [sic] appointed hereunder by an instrument executed and acknowledged by Lender and recorded . . . ." Plaintiff contends that, in violation of this provision, "[n]o assignment was executed, acknowledged or recorded at the time the foreclosure sale took place." Plaintiff appears to be arguing that California Reconveyance Company (CRC) was not authorized to initiate the foreclosure proceeding. This theory was alleged in the complaint and the court addressed it, stating correctly that "[t]he DOT here clearly authorizes CRC to act as the trustee for lender and beneficiary Washington Mutual . . . ."

Plaintiff does not otherwise show in what manner she would amend the complaint or how that amendment would change the legal effect of her pleading. On these grounds, plaintiff has not met her burden of showing how she could amend to cure the defects in the complaint. As plaintiff has failed to make other arguments regarding the court's alternate bases for its ruling, she has therefore waived any other challenge to these grounds. (*Gunn v. Mariners Church, Inc*. (2008) 167 Cal.App.4th 206, 217-218.)

### *DISPOSITION*

The judgment is affirmed.  Defendants shall recover their costs on appeal.

### *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*

CROSKEY, J.

WE CONCUR:

KLEIN, P. J.

KITCHING, J.

11