[No. C045720. Third Dist. Feb. 24, 2005.]

ALLIED FIRE PROTECTION, Plaintiff and Appellant, v.
DIEDE CONSTRUCTION, INC., et al., Defendants and Respondents.

COUNSEL

McInerney & Dillon, William H. McInerney, Jr., Quinlan S. Tom and Alexander Bannon for Plaintiff and Appellant.

Parish & Small, William H. Parish and Kenneth M. Wentz III for Defendants and Respondents.

OPINION

**MORRISON, J.**—Plaintiff Allied Fire Protection (Allied) appeals from a judgment in favor of defendants Diede Construction, Inc., and Wayne Diede on a fraud action after the trial court granted defendants' motion for summary judgment on the basis of res judicata. Allied contends the fraud claim was not barred by res judicata because it did not accrue until after the prior federal complaint had been filed. We agree and reverse the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Diede Construction, Inc., entered into a construction contract with the United States Department of the Air Force (USAF). Diede subcontracted the fire protection system for the project to Allied. The project was delayed by the USAF. The USAF and Diede negotiated a settlement for delay damages; the USAF agreed to pay Diede $495,000 for delays up to August 7, 1997, and $1,600 per day from August 8, 1997, until project completion. Diede and Allied settled Allied's delay damages for $90,000.

In March 1999, Allied brought suit in federal court against Diede and a surety corporation for damages. Allied alleged Diede had breached the subcontract. During discovery, Allied found the letter from the USAF to Diede describing the additional delay damages of $1,600 per day.

The joint pretrial statement filed in the federal case included in its statement of facts that Diede failed to disclose to Allied the $1,600 per day payment, which totaled $425,400, and that Allied received no part of this second payment for delay damages. Allied claimed Diede breached the subcontract by its failure to disclose and its failure to make a payment to Allied. At the pretrial conference on February 12, 2001, Allied explained to the court it had discovered the alleged fraud in November 2000. Allied had prepared a stipulation to amend the complaint to add the fraud claim. Diede did not respond, which Allied interpreted as a rejection of the stipulation. The trial court noted Allied would have to show due diligence in conducting discovery in order to add the new claim. The court decided to take the claim

for additional delay damages out of the federal action unless Allied convinced the court it was entitled to amend the complaint. The final pretrial order did not mention additional delay damages as an issue in the case. The case was tried to the bench beginning April 17, 2001, and the court found for Allied in the amount of $179,380.

Allied then brought suit in state court against Diede and its principal owner, Wayne Diede. Allied alleged that Diede represented it had received only $495,400 from the USAF for delay damages and did not mention the $1,600 per day. These representations were false, Diede knew they were false, and they were made to induce Allied to enter into the $90,000 settlement of the delay damage claim. As a result of the misrepresentations, Allied made no further claim for delay damages and was damaged in the amount of no less than $142,983. Diede answered the complaint, asserting res judicata as an affirmative defense.

Diede moved for summary judgment, contending that res judicata was a complete defense to the state action. Diede argued that in the state action Allied was seeking delay damages resulting from the breach of the subcontract. The state action asserted the same cause of action as federal action. Both actions involved invasion of the same primary right: to be free of economic injury due to the wrongful conduct of Diede during performance of the subcontract. Diede contended Allied was required to include all remedies based on breach of the subcontract in the federal action.

In opposition Allied argued two primary rights were involved because a claim based on fraud was not the same as a claim based on contract.

At the hearing on the motion the trial court asked the parties to address additional authority.

In its supplemental brief, Diede argued federal law should determine the preclusive effect of the federal judgment. Under federal law, a transactional analysis is applied to determine whether the same cause of action is asserted in each of the two lawsuits. Diede contended the claims asserted in the state action arose from the same transaction, the construction contract, as the claims in the federal action.

Allied argued for application of the primary right analysis under California law, but asserted res judicata did not apply even under the federal test. Allied also cited to and placed great reliance on *Doe v. Allied-Signal, Inc.* (7th Cir. 1993) 985 F.2d 908, in which a second suit was filed after plaintiff discovered new facts. Allied quoted the court's statement: "If the plaintiff is unaware of facts when filing a complaint, *res judicata* will not bar subsequent litigation."

(*Id.* at p. 914, original italics.) Allied argued it did not discover the facts of Diede's fraud until after the federal complaint was filed. The trial court found it had to apply federal law and use the transactional approach for res judicata. It found Allied was alleging that during performance of the subcontract, and while the federal case was pending, Diede defrauded Allied by not revealing that Allied was entitled to delay damages. This claim and the claims asserted in the federal action both arose from the same contract. The court granted Diede's motion for summary judgment.

## DISCUSSION

■ " 'Res judicata' describes the preclusive effect of a final judgment on the merits. Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them. . . . Under the doctrine of res judicata, if a plaintiff prevails in an action, the cause is merged into the judgment and may not be asserted in a subsequent lawsuit . . . . [¶] A clear and predictable res judicata doctrine promotes judicial economy. Under this doctrine, all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date. ' "Res judicata precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief." ' [Citation.] A predictable doctrine of res judicata benefits both the parties and the courts because it 'seeks to curtail multiple litigation causing vexation and expense to the *parties* and wasted effort and expense in *judicial administration.*' [Citation.]" (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896–897 [123 Cal.Rptr.2d 432, 51 P.3d 297].)

Allied contends res judicata does not bar its fraud action because the fraud claim did not accrue until after Allied filed the federal action. Allied asserts the fraud claim did not accrue until November 2000, when it discovered the letter from the USAF detailing the $1,600 per day payment to Diede for delay damages on and after August 8, 1997. This discovery occurred over a year and a half after Allied filed the federal action in March 1999.

■ Diede responds this contention should not be considered because it is raised for the first time on appeal. Although not as fully developed as on appeal, the point was raised in Allied's supplemental brief, which quoted *Doe v. Allied-Signal, Inc., supra,* 985 F.2d 908, 914, that res judicata does not bar an action where plaintiff is unaware of the facts. Allied asserted it was unaware of the fraud when it filed the federal action. Moreover, we may consider a question of law based on undisputed facts, even if first raised on appeal. (*Raphael v. Bloomfield* (2003) 113 Cal.App.4th 617, 621 [6 Cal.Rptr.3d 583]; *Seeley v. Seymour* (1987) 190 Cal.App.3d 844, 856 [237 Cal.Rptr. 282].)

■ Res judicata serves as a bar to all causes of action that were litigated or that could have been litigated in the first action. (*Nevada v. United States* (1983) 463 U.S. 110, 130 [77 L.Ed.2d 509, 524, 103 S.Ct. 2906, 2918]; *Sutphin v. Speik* (1940) 15 Cal.2d 195, 202 [99 P.2d 652].) This determination is made as of the date the first complaint is filed. "The scope of litigation is framed by the complaint at the time it is filed." (*Los Angeles Branch NAACP v. L.A. Unified Sch. Dist.* (9th Cir. 1984) 750 F.2d 731, 739.)

■ Res judicata is not a bar to claims that arise after the initial complaint is filed. These rights may be asserted in a supplemental pleading, but if such a pleading is not filed a plaintiff is not foreclosed from asserting the rights in a subsequent action. (*Yager v. Yager* (1936) 7 Cal.2d 213, 217 [60 P.2d 422].) The general rule that a judgment is conclusive as to matters that could have been litigated "does not apply to new rights acquired pending the action which might have been, but which were not, required to be litigated [citations]." (*Kettelle v. Kettelle* (1930) 110 Cal.App. 310, 312 [294 P. 453].)

In *Manning v. City of Auburn* (11th Cir. 1992) 953 F.2d 1355, 1360, the court noted that filing a supplemental pleading was optional under the federal rules and "the existence of the doctrine of res judicata does not make the filing of supplements mandatory." The court construed claims that " 'could have been brought' " to include claims in existence when the original complaint was filed or claims actually asserted by supplemental pleadings. (*Ibid.*) There is no requirement to amend a complaint to add newly acquired claims. (*Dillard v. Security Pacific Brokers, Inc.* (5th Cir. 1988) 835 F.2d 607, 609; *Los Angeles Branch NAACP v. L.A. Unified Sch. Dist., supra*, 750 F.2d at p. 739; see Code Civ. Proc., § 464, subd. (a).) Using the date of filing of the original complaint as the cut-off for determining what claims could have been brought results in a workable rule; otherwise, courts would get bogged down in determining whether an amendment was possible or practicable when the new claims arose. (See *Los Angeles Branch NAACP v. L.A. Unified Sch. Dist., supra*, at p. 739, fn. 9 ["We decline to impose a potentially unworkable requirement that every claim arising prior to entry of a final decree must be brought into the pending litigation or lost"].)

Diede contends this rule applies only where the new claim arises after the original complaint is filed. Here, the facts giving rise to the fraud claim occurred before Allied filed the federal action so the claim existed before the federal action was filed. But Allied contends that it did not discover the facts of the fraud until after the federal action was filed; the fraud claim did not accrue until it discovered the facts. (*Utility Audit Co., Inc. v. City of Los Angeles* (2003) 112 Cal.App.4th 950, 962 [5 Cal.Rptr.3d 520].)

We discern no principled basis for distinguishing between a new fact and a newly discovered fact, and Diede offers none. The reason for the rule that all claims that "could have been brought" are barred under res judicata is so "[a] party cannot by negligence or design withhold issues and litigate them in consecutive actions." (*Aerojet-General Corp. v. American Excess Ins. Co.* (2002) 97 Cal.App.4th 387, 402 [117 Cal.Rptr.2d 427].) Where the plaintiff is unaware of the facts giving rise to a claim due to defendant's fraud, there is no question of successive litigation by design; the only concern is negligence. A claim should be barred if with diligence it could have been brought earlier. (*Himel v. Continental Ill. Nat. Bank & Trust* (1979) 596 F.2d 205, 210 [summary judgment based on res judicata reversed where no showing plaintiffs should have known of alleged misconduct of defendant prior to first suit].) But where it cannot be said that plaintiff knew or should have known of the claim when the first action was filed, res judicata should not bar the second action. (*Id.* at pp. 210–211.)

The court considered the effect of res judicata on a claim based on newly discovered facts in *Gamble v. General Foods Corp.* (1991) 229 Cal.App.3d 893 [280 Cal.Rptr. 457]. Plaintiff brought a federal action under title VII of the Civil Rights Act of 1964 and title 42 of United States Code section 1981, seeking reinstatement, back wages and benefits, and attorney fees. Defendant prevailed. Plaintiff then brought a state action for wrongful termination. Defendant moved for summary judgment on the basis that the federal action was a res judicata bar to the second action. Plaintiff alleged defendant had made a misrepresentation about her score on a competency test, a mistake defendant conceded. Plaintiff asserted she did not discover the misrepresentation until discovery in the federal case, so she could avoid the bar of res judicata. (229 Cal.App.3d at p. 902.)

The court set forth the rule: "Comment j of section 26 of the Restatement Second of Judgments provides in part: 'A defendant cannot justly object to being sued on a part or phase of a claim that the plaintiff failed to include in an earlier action because of the defendant's own fraud . . . . [¶] The result is the same when the defendant was not fraudulent, but by an innocent misrepresentation prevented the plaintiff from including the entire claim in the original action.' This rule has been adopted in California. [Citation.]" (*Gamble v. General Foods Corp., supra,* 229 Cal.App.3d 893, 902.) The court found the rule did not apply because the issue of the misrepresentation was actually litigated in the federal action. (*Ibid.*)

Also similar is *Doe v. Allied-Signal, Inc., supra,* 985 F.2d 908, cited by Allied and ignored by Diede. Plaintiff, a janitor who was raped at work, brought suit against defendant for negligence in failing to provide adequate

security. Defendant had repeatedly told plaintiff she was not its employee, but after the suit was filed defendant claimed it was her employer and argued the suit was barred by the exclusivity provisions of worker's compensation. The suit was dismissed and plaintiff was assessed costs. She then filed a second suit for misrepresentation of her status as an employee, contending if she had known the true employment status, she would not have brought the first suit. (*Id.* at pp. 911–912.)

The Seventh Circuit found res judicata did not bar the second suit. "If the plaintiff is unaware of facts when filing a complaint, *res judicata* will not bar subsequent litigation. [Citation.] However, a plaintiff will be precluded from raising these facts later if, by exercising due diligence, he or she could have discovered the relevant information before filing the initial suit. [Citation.]" (*Doe v. Allied-Signal, Inc., supra,* 985 F.2d at p. 914.) The court rejected the argument that plaintiff was required to amend her complaint. "However, plaintiffs need not amend filings to include issues that arise after the original suit is lodged. [Citation.]" (*Id.* at p. 915.) Moreover, plaintiff could not have amended her complaint because she did not suffer any damage from the misrepresentation about her employment status until the first suit was resolved. (*Ibid.*)

This last point makes *Doe v. Allied-Signal, Inc., supra,* 985 F.2d 908, somewhat distinguishable as the unknown fact did not cause damage until after the first suit was completed, so the cause of action did not come into being until after judgment in the first suit. Here, the damage from the alleged misrepresentation occurred before the first suit was filed; the fraud claim existed before the federal action was filed, but it was not discovered. While this fact could militate in favor of requiring an amendment to the original action, we think the better result—at least where the plaintiff contends the fact was unknown due to defendant's fraud—is to require the entire claim to be included in the first action only where with diligence it could be discovered prior to filing the initial suit. This rule puts the focus properly on whether plaintiff was diligent in pursuing its claims, not on whether the discovery was made in time to permit an amendment to the complaint. The undisputed facts before the trial court at the summary judgment motion were that Allied did not discover the alleged misrepresentation until after the federal action was filed. Absent evidence that Allied should have known sooner, res judicata does not bar the second suit.

The trial court erred in granting summary judgment.

## DISPOSITION

The judgment is reversed. Allied shall recover costs on appeal.

Nicholson, Acting P. J., and Raye, J., concurred.