**Laurian FRANKLIN, Plaintiff— Appellant,**

v.

**STATE OF CALIFORNIA YOUTH AUTHORITY, Defendant— Appellee.**

No. 04–56067.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2006.

Decided March 28, 2006.

---

Jessica M. Ronco, Esq., The Scott Law Firm, San Francisco, CA, for Plaintiff–Appellant.

Patricia A. Nevonen, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Defendant–Appellee.

Before: GRABER, WARDLAW, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Laurian Franklin appeals the district court's grant of summary judgment on claim preclusion grounds in favor of the California Youth Authority (CYA) in her Title VII action alleging that she was dismissed from employment as a youth correctional counselor in retaliation for a lawsuit she had filed alleging sexual harassment and retaliation based on earlier CYA actions against her. *See* 42

U.S.C. § 2000e–3. We reverse and remand.

■ The district court erred in concluding that the "claims or legal theories" that Franklin pursued in her administrative and state court proceedings arise out of the same cause of action, and same primary right, as those in this action. California law requires that "all claims based on the same cause of action must be decided in a single suit." *Allied Fire Prot. v. Diede Constr., Inc.*, 127 Cal.App.4th 150, 154, 25 Cal.Rptr.3d 195 (2005) (internal quotation marks omitted). Two claims are based on the same cause of action if both seek to vindicate the same "primary right." *See Maldonado v. Harris*, 370 F.3d 945, 952 (9th Cir.2004) ("[A] cause of action is comprised of a primary right of the plaintiff, a corresponding primary duty of the defendant, and a wrongful act by the defendant constituting a breach of that duty.... As far as its content is concerned, the primary right is simply the plaintiff's right to be free from the particular injury suffered." (first alteration in original) (internal quotation marks omitted)), *cert. denied,* —— U.S. ——, 125 S.Ct. 1725, 161 L.Ed.2d 615 (2005). The State Personnel Board proceedings and the subsequent mandamus action in state court concerned a "legitimate claim of entitlement" to employment; as a civil servant, Franklin was exercising her "property interest in the continuation of [her] employment which is protected by due process." *Skelly v. State Pers. Bd.*, 15 Cal.3d 194, 206, 124 Cal.Rptr. 14, 539 P.2d 774 (1975). The critical question in determining whether that due process right was violated was whether there was cause for Franklin's dismissal.

By contrast, in this action Franklin seeks to vindicate her federal right to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

780

equal opportunity in employment. Whether there was cause for Franklin's dismissal does not resolve the question whether there was retaliation or discrimination in violation of Title VII. The Title VII claim addresses whether Franklin was dismissed because of her whistleblowing, regardless of whether cause also existed: Despite any legitimate justification for dismissal, the CYA would be liable under Title VII if the "cause" was mere pretext or if retaliation was "a motivating factor" for the dismissal, even if the CYA can prove that it still would have dismissed Franklin absent the retaliatory motive. *See Dominguez–Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1041–42 (9th Cir.2005). Therefore, litigation in the state courts determining whether Franklin committed misconduct sufficient to justify dismissal does not bar her action for relief under Title VII. Summary judgment was inappropriate.

We note, moreover, that neither state court had jurisdiction to consider whether, despite evidence showing misconduct justifying dismissal, Franklin's dismissal was in fact or in part motivated by retaliation for her whistleblowing. Both the Ventura Superior Court and the California Court of Appeal had jurisdiction only to determine whether the findings of the Board were supported by the evidence. *See* Cal.Civ. Proc.Code § 1094.5(b). Accordingly, although the Court of Appeal noted Franklin's argument that "her coworkers and supervisors manufactured grounds for her dismissal in retaliation for her whistleblowing activities," a comment that the CYA urges represents an implicit finding by the state court that the CYA's proffered reasons for firing Franklin were not pretext, the Court of Appeal not only did not determine whether Franklin's dismissal was motivated by retaliation, but it could not do so.

That Franklin could have joined a Title VII action to her state court mandamus proceedings does not affect our decision. Claim preclusion bars relitigation of causes of action that "were or could have been raised" in the prior action, *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 467 n. 6, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), but here, the claims arise out of distinct causes of action, so the prohibition against "piecemeal litigation," "splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief," does not apply, *Allied Fire Prot.*, 127 Cal.App.4th at 154, 25 Cal.Rptr.3d 195 (internal quotation marks omitted). Moreover, where a plaintiff merely could join an action relating to a distinct cause of action and chooses not to do so, that distinct cause of action will not be barred by claim preclusion simply because joinder was available. *See Gallagher v. Frye*, 631 F.2d 127, 129–30 (9th Cir.1980) (deciding that although Gallagher could have asserted a civil rights claim in the course of mandamus proceedings subsequent to an administrative affirmance of his dismissal, claim preclusion did not apply because the "asserted wrong" at issue in the state proceeding was distinct from that in the federal action, and noting that "[t]his Circuit has refused to apply res judicata to bar a second suit on a claim related to an earlier claim when the second claim could, but was not required, to have been joined in the first action").

■ We also decline to uphold summary judgment on any other ground, as the CYA urges. Issue preclusion does not bar Franklin's action because even if the issue of whether there was cause for Franklin's dismissal has been decided and is given preclusive effect, *see Pac. Lumber Co. v. State Water Res. Control Bd.*, 37 Cal.4th 921, 943–44, 38 Cal.Rptr.3d 220, 126 P.3d

1040 (2006), that issue does not answer the question of whether the CYA violated Title VII by dismissing Franklin because of retaliation, whether in whole or in part, *see* 42 U.S.C. §§ 2000e–3, 2000e–2(m) (defining an unlawful employment practice as one in which some protected characteristic "was a motivating factor ..., even though other factors also motivated the practice"); *see also Costa v. Desert Palace, Inc.*, 299 F.3d 838, 854–57 (9th Cir.2002) (en banc) (explaining single-motive and mixed-motive theories in Title VII cases), *aff'd*, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003).

■ We also reject the CYA's argument that there is no genuine issue of disputed fact as to whether Franklin's dismissal was a violation of Title VII. "[S]ummary judgment for the defendant will ordinarily not be appropriate on any ground relating to the merits because the crux of a Title VII dispute is the elusive factual question of intentional discrimination." *Lyons v. England*, 307 F.3d 1092, 1113 (9th Cir.2002) (internal quotation marks omitted). On summary judgment, we require only that Franklin "raise an *inference* of disparate treatment to establish a prima facie case, not *actual proof* of such treatment." *Warren v. City of Carlsbad*, 58 F.3d 439, 442 (9th Cir.1995). Franklin presents facts that, taken in the light most favorable to her, suggest that even if she committed misconduct that could justify dismissal, retaliation for her whistleblowing was either "a motivating factor" or the true reason for her dismissal, in violation of Title VII.

On remand, the report of the Office of the Inspector General concerning the CYA's investigation into Franklin's dismissal is relevant admissible evidence as to whether Franklin's dismissal was motivated by retaliation. Contrary to the CYA's disingenuous claim that the report carries no probative value, the report constitutes significant evidence suggesting that, whether or not cause for dismissal also existed, there may have been other factors motivating the CYA in taking adverse employment action selectively against Plaintiff.

**REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS DISPOSITION.**

RAWLINSON, Circuit Judge, concurring.

I concur in the result.