Cathy L. **LYDON**, Plaintiff–Appellant,

v.

**TURNER CONSTRUCTION COMPANY INC., a New York corporation; et al., Defendants–Appellees.**

No. 06–56731.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 26, 2009.

Cathy Lydon, Burbank, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jennifer L. Nutter, Epstein, Becker & Green, Los Angeles, CA, for Defendants–Appellees.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Cathy L. Lydon appeals pro se from the district court's order denying her motion to vacate an arbitration award in favor of her former employer. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Coutee v. Barington Capital Group, L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003), and affirm.

The district court properly concluded that Lydon's rescission argument was barred by the doctrine of res judicata because Lydon did not demonstrate either her diligence in the prior action or that her employer concealed the January 17, 2003 document from her. *See W. Sys. Inc. v. Ulloa*, 958 F.2d 864, 871–72 (9th Cir.1992) ("Ignorance of a party does not . . . avoid the bar of res judicata unless the ignorance was caused by the misrepresentation or concealment of the opposing party."); *Allied Fire Prot. v. Diede Constr., Inc.*, 127 Cal.App.4th 150, 25 Cal.Rptr.3d 195, 200 (Cal.Ct.App.2005) (same).

The district court also properly concluded that the arbitrator's written findings were adequate. *See A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403 (9th Cir.1992) (per curiam) (noting

that "arbitrators are not required to state the reasons for their decisions.").

Lydon's remaining contentions, including those regarding arbitrator bias and judicial estoppel, are not persuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

