[Cite as *Paramount Farms Intl., L.L.C. v. Ventilex B.V.*, 2014-Ohio-986.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| PARAMOUNT FARMS INTERNATIONAL, LLC, | : | |
| | : | CASE NO. CA2013-04-060 |
| Plaintiff-Appellant, | : | O P I N I O N |
| | | 3/17/2014 |
| - vs - | : | |
| | : | |
| VENTILEX B.V., et al., | : | |
| | : | |
| Defendants-Appellees. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV12-02-0854

Millikin & Fitton Law Firm, Steven A. Tooman, Thomas A. Dierling, 9032 Union Centre Blvd., Suite 200, West Chester, Ohio 45069 and Klapach & Klapach, P.C., Joseph S. Klapach, 8200 Wilshire Blvd., Suite 300, Beverly Hills, CA 90211, for plaintiff-appellant

Frost Brown Todd LLC, Scott D. Phillips, Thomas B. Allen, 9277 Centre Pointe Drive, Suite 300, West Chester, Ohio 45069 and Morrison Cohen LLP, Donald H. Chase, Edward P. Gilbert, 909 Third Avenue, 27th Floor, New York, New York 10022, for defendants-appellees, Ventilex B.V. and Thomas J. Schroeder

**RINGLAND, P.J.**

{¶ 1} Plaintiff-appellant, Paramount Farms International LLC ("Paramount Farms"), appeals from the Butler County Court of Common Pleas decision granting summary judgment in favor of defendants-appellees, Ventilex, B.V. and Thomas Schroeder.

{¶ 2} Paramount Farms is a Delaware corporation that grows and processes almonds in California. Ventilex, B.V. is a Dutch company that manufactures nut pasteurization systems and is the sole shareholder of Ventilex USA. Thomas Schroeder is the former President and Chief Executive Officer of Ventilex USA.

{¶ 3} In response to concerns regarding a salmonella outbreak in 2004, the USDA notified the almond industry that it was planning to issue a rule requiring the pasteurization of all almonds sold within the United States. In order to comply with the impending regulations, Paramount Farms entered into a contract with Ventilex USA to purchase a pasteurization system. However, the pasteurization system subsequently failed to obtain government approval. As a result, Paramount Farms was forced to ship its almonds to processors with approved pasteurizers until such time as the Ventilex system could be replaced.

{¶ 4} In June 2008, Paramount Farms filed a notice of demand for arbitration against Ventilex USA and Ventilex B.V., pursuant to the terms of the contract. Paramount Farms alleged breach of contract, breach of warranty and rescission. Ventilex B.V. claimed it was not a party to the contract and therefore could not be forced into arbitration. Paramount Farms subsequently commenced an action against Ventilex B.V. in the Eastern District of California and withdrew its arbitration demand against that company. The arbitration proceeded against Ventilex USA alone. Prior to the arbitration hearing, Paramount Farms amended its arbitration demand to include claims for fraud, negligent misrepresentation and violation of California's Business & Professions Code.

{¶ 5} In February of 2010, a panel of three arbitrators ruled that Ventilex USA "breached its warranty to provide a pasteurization system that would obtain the necessary approvals and that it would work with Paramount [Farms] at its expense to correct the machine so it could obtain approval." However, the panel rejected Paramount Farms' claims for fraud, negligent misrepresentation and violations of California's Business & Professions

Code. Including interest and costs, total judgment amounted to over $5 million. As a result of the judgment, Ventilex USA filed for bankruptcy.

{¶ 6} In November 2010, Paramount Farms' federal action against Ventilex B.V. proceeded to trial in the Eastern District of California. Paramount Farms claimed that Ventilex B.V. had provided an express warranty regarding the Ventilex system and breached that warranty. Paramount Farms presented evidence alleging that the guarantee occurred at a meeting in the spring of 2005, wherein the Managing Director of Ventilex B.V., Henk Dijkman, promised that Ventilex B.V. would "stand behind" the system. The court found there to be an issue of "credibility as to whether or not the express warranty was given, and, if given, relied upon to - - to any extent, in that there was no memorializing the ever so important guarantee." Having found that the evidence indicated "that either the express warranty wasn't made or it was not relied upon," the court entered judgment in favor of Ventilex B.V. The Ninth Circuit Court of Appeals affirmed the district court's decision.

{¶ 7} The present action was filed on February 29, 2012, alleging intentional interference with contractual relations against Ventilex B.V. and fraudulent inducement against Ventilex B.V. and Schroeder. On March 12, 2013, the trial court granted Ventilex B.V. and Schroeder's motions for summary judgment based on the application of California's doctrine of res judicata. Specifically, the court held that Paramount Farms' claims against Ventilex B.V. should have been raised in the federal action, and that the claims against Schroeder should have been raised in the federal action or arbitration.

{¶ 8} Paramount Farms appeals from that decision, raising three assignments of error for our review.

## Statute of Limitations

{¶ 9} Before addressing Paramount Farms' assignments of error, we begin by addressing appellees' contention that the underlying causes of action are barred by

California's statute of limitations. Appellees do not contest that Paramount Farms' complaint was not barred by Ohio's four-year statutes of limitations for interference with contractual relations and fraudulent inducement. R.C. 2305.09. However, appellees argue that California law should apply, thus barring those causes of action pursuant to California's two and three-year statutes of limitations, respectively.

{¶ 10} In Ohio:

> The Ohio Supreme Court has adopted the Restatement (Second) of Conflict of Laws to govern conflict of law issues. *Cole v. Mileti*, 133 F.3d 433, 437 (6th Cir.1998). When there is a conflict between two states' statutes of limitations, the Restatement provides that "[a]n action will be maintained if it is not barred by the statute of limitations of the forum, even though it would be barred by the statute of limitations of another state." *Id.* (citing Restatement (Second) of Conflict of Laws § 142(2) (1971)). [Footnote omitted.] Therefore, Ohio courts are required to apply Ohio's statute of limitations to an action filed in Ohio even if that action would be time-barred in another state. *Id.*

*Dudek v. Thomas & Thomas Attorneys & Counselors at Law, LLC*, 702 F.Supp.2d 826, 834 (N.D.Ohio 2010).

{¶ 11} On the other hand, Ohio's borrowing statutes provides that:

> No civil action that is based upon a cause of action that accrued in any other state, territory, district, or foreign jurisdiction may be commenced and maintained in this state if the period of limitation that applies to that action under the laws of that other state, territory, district, or foreign jurisdiction has expired or the period of limitation that applies to that action under the laws of this state has expired.

R.C. 2305.03(B). Unfortunately, Ohio's borrowing statute does not clarify how to determine where a cause of action accrues, and case law has not offered a definitive answer. *Jarvis v. First Resolution Investment Corp., et al.*, 9th Dist. Summit No. 26042, 2012-Ohio-5653, ¶ 18.

{¶ 12} In resolving that issue, other Ohio courts have looked to the time of accrual to help determine where the cause of action accrued. *Id.* In the case of fraud, a cause of action accrues either when the fraud is discovered, or when in the exercise of reasonable

- 4 -

diligence, the fraud should have been discovered. *E.g., Cundall v. U.S. Bank*, 122, Ohio St.3d 188, 2009-Ohio-2523, ¶ 29. In the present case, the alleged fraud was or should have been discovered once the Ventilex system failed to obtain government approval and Paramount Farms was forced to ship their almonds to another producer in the spring of 2008. However, under the facts of the case at bar, the timing of the accrual does not aid in determining where the cause of action accrued. Regardless of when the fraud was discovered, the question remains of whether the cause of action accrued in the place where the allegedly fraudulent representation was made, or the place where representation was relied upon.

{¶ 13} While acknowledging that the issues relating to conflicts of law and place of accrual are not identical, their similarities are sufficient for us to find guidance in the Ohio Supreme Court's adoption of the Second Restatement of Conflict of Laws in determining where the causes of action in the present case accrued. In relation to the claims of fraudulent inducement, under Restatement 2nd, Conflict of Laws, Section 148(2), courts are directed to consider the place where plaintiff acted in reliance on defendant's representations, where plaintiff received the representations, where defendant made the representations, the domiciles or place of incorporation of the parties, and the place of performance or any tangible thing at issue. The key issues are where plaintiff acted in reliance, where the plaintiff received the representations, and where the defendant made the representations. Section 148(2) Comments (f), (g) and (h).

{¶ 14} Looking first to Paramount Farms' claim of fraudulent inducement against Ventilex B.V., we find that (1) Paramount Farms acted in reliance on the alleged representations in Ohio as the contract was entered into in Ohio, (2) Paramount Farms received the alleged representations in California, and (3) Ventilex B.V. made the alleged

representations in California.[1] The place of incorporation for the businesses provides no further insight as Paramount Farms and Ventilex B.V. are incorporated in Delaware and the Netherlands, respectively. Weighing all of those factors, we find that the cause of action for fraudulent inducement accrued in California rather than Ohio. California's statute of limitations for fraudulent inducement is three years. Paramount Farms was or should have been aware of the allegedly fraudulent representations in the spring of 2008, and the present cause of action was not filed until approximately four years later on February 29, 2012. Accordingly, Paramount Farms' claim for fraudulent inducement against Ventilex B.V. is barred by California's statute of limitations.

{¶ 15} Conversely, Paramount Farms' claim for fraudulent inducement against Schroeder is not subject to California's statute of limitations. Applying the same factors as above, (1) Paramount Farms acted in reliance on the alleged representations in Ohio as the contract was entered into in Ohio, (2) Paramount Farms received the alleged representations in California, (3) Schroeder made the alleged representations in Ohio, and (4) Schroeder's alleged fraudulent representations in this case were made as an agent of an Ohio corporation. Given the totality of the circumstances, we find that the cause of action for the alleged fraudulent inducement made by Schroeder accrued in Ohio and is subject to Ohio's four-year statute of limitations for fraudulent inducement.

{¶ 16} Finally, we also find that Paramount Farms' claim of intentional interference with contractual relations is not subject to California's statute of limitations. The contract allegedly interfered with is one that was entered into in Ohio, was executed by an Ohio corporation and allegedly interfered with in Ohio. Therefore, we find there to be little question that Ohio's

---

1. The alleged misrepresentations were said to have been made at a meeting in April 2005 at the site of another processor, Cal-Nut, in Madera, California.

four-year statute of limitations for intentional interference with contractual relations applies to that cause of action.

{¶ 17} Assignment of Error No. 1:

{¶ 18} THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF VENTILEX B.V. UNDER CALIFORNIA'S RES JUDICATA LAW BECAUSE THE INTENTIONAL INTERFERENCE AND FRAUDULENT INDUCEMENT CLAIMS ASSERTED BY PARAMOUNT FARMS IN THIS ACTION AROSE OUT OF A DIFFERENT PRIMARY RIGHT THAN THE CONTRACT CLAIMS LITIGATED IN THE FEDERAL ACTION.

{¶ 19} This court's review of a trial court's ruling on a summary judgment motion is de novo. *Lindsay P. v. Towne Properties Asset Mgt. Co., Ltd.*, 12th Dist. Butler No. CA2012-11-215, 2013-Ohio-4124, ¶ 16. Civ.R. 56 sets forth the summary judgment standard and requires that (1) there be no genuine issues of material fact to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to only one conclusion being adverse to the nonmoving party. *Slowey v. Midland Acres, Inc.*, 12th Dist. Fayette No. CA2007-08-030, 2008-Ohio-3077, ¶ 8.

{¶ 20} An Ohio forum court applies the procedural law of the forum state, but must give effect to the substantive law of the state with the most significant contacts to the case. *Lawson v. Valve-Trol Co.*, 81 Ohio App.3d 1, 3-4 (9th Dist.1991). The trial court found that California was the state with the most significant contacts, and the parties do not dispute that on appeal. Ohio courts have determined that res judicata is a substantive rule of law, and therefore we will apply California's doctrine of res judicata.

{¶ 21} California's doctrine of res judicata differs from Ohio's transactional theory. Under Ohio's doctrine of res judicata, a second action is barred if it arises out of the same transaction or occurrence that was the subject of the first action. In contrast, under California's doctrine of res judicata, a second action is not barred even if it arises out of the

same transaction or occurrence so long as there is a separate "primary right" involved.[2]

{¶ 22} The California Supreme Court explained how their courts determine whether two proceedings involve identical causes of action for purposes of claim preclusion:

> California courts have "consistently applied the 'primary rights' theory." Under this theory, "[a] cause of action ... arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests. 'Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term....'"

> "In California the phrase 'cause of action' is often used indiscriminately ... to mean counts which state [according to different legal theories] the same cause of action...." But for purposes of applying the doctrine of res judicata, the phrase "cause of action" has a more precise meaning: The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced. As we explained in *Slater v. Blackwood*, * * *: "[T]he 'cause of action' is based upon the harm suffered, as opposed to the particular theory asserted by the litigant. Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. 'Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different legal ground for relief.'" Thus, under the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right.

(Internal citations omitted.) *Boeken v. Philip Morris USA, Inc.*, 48 Cal.4th 788, 797-98 (2010).

{¶ 23} Put succinctly, California's "primary right" theory of res judicata states that two proceedings are based on the same cause of action only if they are based on the same primary right. The plaintiff's primary right is defined as "the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based. * * * An injury is

---

2. Unlike most jurisdictions, including Ohio and the federal courts, that apply the Restatement's "transaction" theory, California instead applies the "primary right" theory articulated by University of California Hastings College of Law Professor John Norton Pomeroy in the late 19th century.

defined in part by reference to the set of facts, or transaction, from which the injury arose." (Internal citations omitted.) *Crosby v. HLC Properties, Ltd.*, 167 Cal.Rptr.3d 354 (Cal.App.2014), quoting *Federation of Hillside & Canyon Assns. v. City of Los Angeles*, 126 Cal.App.4th 1180, 1202 (2004).

**Intentional Interference with Contractual Relations**

{¶ 24} Paramount Farms alleges that Ventilex B.V. tortiously interfered with Ventilex USA's ability to perform on the contractual obligations it owed to Paramount Farms. Specifically, Paramount Farms alleges that Ventilex B.V. pulled money out of Ventilex USA while directing Schroeder to refuse to service Ventilex machines and instead focus on selling new machines. In addition, Paramount Farms alleges that Ventilex B.V. stopped providing sales leads, engineering, maintenance and other support to Ventilex USA. Their contention is that Ventilex B.V. intentionally acted to deprive Ventilex USA of the ability to meet its financial obligations with respect to the guarantees made in its contract with Paramount Farms.

{¶ 25} The trial court granted summary judgment in favor of Ventilex B.V., finding that the present intentional interference with contractual relations claim and the breach of express warranty claim made in the federal lawsuit involve the same injury to Paramount Farms and the same wrong by Ventilex B.V.

{¶ 26} We find *Brenelli Amedeo, S.P.A. v. Bakara Furniture, Inc.*, 29 Cal.App.4th 1828 (1994), persuasive in resolving this issue. In that case, the plaintiff obtained a judgment against the defendant-corporation for breach of contract. However, before they were able to execute on the judgment, the corporation filed for bankruptcy. Upon discovering that the corporation's shareholders had fraudulently conveyed away the corporation's assets, the plaintiff sued the shareholders for various torts. The appellate court rejected the shareholders' argument that res judicata barred the plaintiffs' tort claims, holding that "the

right to have contractual obligations performed is distinct from the right to be free from tortious behavior preventing collection of a judgment." *Id.* at 1837.

{¶ 27} Similar to *Brenelli,* the present action for intentional interference with contractual relations and the previously adjudicated federal claims involve separate sets of facts and distinct harms. While the dissent correctly notes that a single injury gives rise to only a single cause of action under California's doctrine of res judicata, we find that under the present set of facts, the harm suffered by the tortious intentional interference with contractual relations claim differs from the harm suffered as a result of the contractual breach of express warranty claim. Where the underlying facts and transactions of two causes of action are entirely distinct, yet the "monetary loss" in two claims is the same, a court may find that "the plaintiffs have been 'harmed' differently by tortious conduct * * * than by the contractual breach * * *." *Sawyer v. First City Financial Corp., Ltd.*, 124 Cal.App.3d 390 (1981).

{¶ 28} The federal suit alleged that Ventilex B.V. breached an express warranty to "stand behind" the system. In contrast, the present intentional interference with contractual relations claim alleges that Ventilex B.V. intentionally restricted another party, Ventilex USA, from performing its contractual obligations with Paramount Farms. There is a clear distinction between whether Ventilex B.V. promised and failed to "stand behind" the system, and whether it subsequently sought to actively thwart Ventilex USA's ability to satisfy its obligations to Paramount Farms.

{¶ 29} Accordingly, pursuant to California's primary right theory of the doctrine of res judicata, Paramount Farms' present claim for intentional interference with contractual relations is not barred by the previous lawsuit where the present claims are based on separate facts, transactions and harm suffered. Therefore, we find that the trial court erred in dismissing the intentional interference with contractual relations claim as barred by res judicata.

**Fraudulent Inducement**

{¶ 30} Having already determined that Paramount Farms' claim for fraudulent inducement against Ventilex B.V. was barred by California's statute of limitations, Paramount Farms' argument that the trial court erred in holding that it was barred by res judicata is rendered moot. However, even if we had found that Ohio's statute of limitations applied, we would not have found error in the trial court's holding.

{¶ 31} Paramount Farms' fraudulent inducement claim against Ventilex B.V. stems from Djikman's alleged promise that Ventilex B.V. would "stand behind" the pasteurization system. Similarly, Paramount Farms' federal suit against Ventilex B.V. alleged that Ventilex B.V. expressly warranted that it would "stand behind" the system. Rather than protecting a distinct primary right, Paramount Farms is simply pursuing recourse for the same harm on a separate legal theory. This is distinguishable from our holding above as to the intentional interference with contractual relations claims because Paramount Farms' fraudulent inducement claim against Ventilex B.V. is based upon the exact same set of facts, transactions and harm suffered as the federal suit. Both claims center on the alleged statement by Djikman that Ventilex B.V. would "stand behind" the system, and both claims allege the same injury resulting from Ventilex B.V.'s failure to subsequently follow through on that alleged representation. Pursuant to California's doctrine of res judicata, those claims involve the same primary right and cause of action. Accordingly, even if we were to have found that Ohio's statute of limitations applied, Paramount Farms' claim for fraudulent inducement against Ventilex B.V. would be barred by res judicata.

{¶ 32} In light of the foregoing, having found that (1) Paramount Farms' claim for intentional interference with contractual relations against Ventilex B.V. involves a different primary right than the cause of action in the federal lawsuit and thus is not barred by California's doctrine of res judicata, and (2) Paramount Farms' claim for fraudulent

inducement is barred by California's statute of limitations, or in the alternative is barred by res judicata as it is based on the same primary right as the federal lawsuit, Paramount Farms' first assignment of error is sustained as it relates to the claim for intentional interference with contractual relations and overruled as it relates to the claim for fraudulent inducement.

{¶ 33} Assignment of Error No. 2:

{¶ 34} THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF MR. SCHROEDER ON RES JUDICATA GROUNDS.

{¶ 35} Within this assignment of error, Paramount Farms argues that its claim against Schroeder was not barred by res judicata because (1) Paramount Farms could not compel Schroeder to arbitrate in the Ventilex USA arbitration, (2) a private arbitration award has no collateral estoppel effect in favor of third parties under California law, and (3) the fraudulent inducement claim was not actually litigated and decided in the Ventilex USA arbitration.

{¶ 36} The trial court granted summary judgment in favor of Schroeder on the basis that (1) Paramount Farms could have compelled Schroeder, as an agent of Ventilex USA, to arbitrate in the Ventilex USA arbitration, (2) the conduct alleged by Paramount Farms was directly at issue in the Ventilex USA arbitration and the federal lawsuit against Ventilex B.V., and (3) Paramount Farms was aware of the alleged conduct of Schroeder prior to both the arbitration and federal suit.

{¶ 37} Under California law, a nonsignatory who is the agent of a signatory can be compelled to arbitrate claims against his will. *Smith v. Microskills San Diego L.P.*, 153 Cal.App.4th 892, 896-97 (2007). Here, the contract containing the arbitration clause was executed by Paramount Farms and Ventilex USA.

{¶ 38} Pursuant to California Civil Code section 2295: "An agent is one who represents another, called the principal, in dealings with third persons." Schroeder was the President of Ventilex USA. Paramount Farms' allegations against Schroeder are comprised

solely of statements he made in his capacity as President of Ventilex USA. Accordingly, Paramount Farms could have compelled the nonsignatory Schroeder, as an agent of signatory Ventilex USA, to arbitrate the claims against him. Paramount Farms' claims against Schroeder are thus barred by California's doctrine of res judicata.

{¶ 39} Paramount Farms next argues that the trial court's alternative holding that Paramount Farms' claim for fraudulent inducement against Schroeder was barred by issue preclusion is erroneous as a matter of law. Because we have found that Paramount Farms' claims against Schroeder are barred by California's theory of claims preclusion, we need not address the trial court's alternative holding with regard to issue preclusion, i.e., collateral estoppel.

{¶ 40} In light of the foregoing, having found that (1) a nonsignatory agent of a signatory can be compelled to arbitrate, and (2) Schroeder's alleged fraudulent representations were made in his capacity as an agent of Ventilex USA, we find that (1) the trial court did not err in holding that Schroeder could have been compelled to arbitrate, and (2) Paramount Farms' claims against Schroeder were barred by the doctrine of res judicata. Accordingly, Paramount Farms' second assignment of error is overruled.

{¶ 41} Assignment of Error No.3:

{¶ 42} THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT ON RES JUDICATA GROUNDS BECAUSE PARAMOUNT FARMS' CLAIMS FOR FRAUDULENT INDUCEMENT TO CONTRACT AND INTERFERENCE WITH CONTRACTUAL RELATIONS WERE NOT DISCOVERED UNTIL AFTER PARAMOUNT FARMS HAD FILED THE FEDERAL ACTION.

{¶ 43} Paramount Farms argues that its claims are not barred by res judicata because the claims were not discovered until after it was able to depose Djikman in July of 2010, well after the federal lawsuit had been filed.

{¶ 44} Res judicata serves as a bar to all causes of action that were litigated or that could have been litigated in the first action. *Allied Fire Protection v. Diede Const., Inc.*, 127 Cal.App.4th 150, 155, (2005). However, res judicata is not a bar to claims that arise after the initial complaint is filed. *Id.* The dispositive question then is whether Djikman's deposition gave rise to the present claims after the federal complaint was filed?

{¶ 45} Paramount Farms cites to Djikman's deposition as having given rise to the present cause of action because Djikman admitted that Ventilex B.V. created Ventilex USA to shield it from liability. Paramount Farms essentially alleges that the creation of a wholly-owned subsidiary to insulate a parent company from liability is evidence of fraud. We disagree. The creation of subsidiaries to limit liability to a parent company is a common business practice. If Paramount Farms, a sophisticated corporate entity, wished for Ventilex B.V. to be liable in the event the contract was breached, it could have required Ventilex B.V. be a party to the contract. It did not, and it now essentially asks the court to amend the contract to include Ventilex B.V.

{¶ 46} Regardless, the alleged fraud was or should have been discovered long before Djikman's testimony. While Paramount Farms may argue that Djikman's testimony was beneficial to a claim for fraudulent inducement or intentional interference with contractual relations, it cannot successfully argue that those claims could not have been otherwise discovered or asserted prior to his deposition. By the spring of 2008, Paramount Farms was or should have been aware that the alleged representations by Schroeder and Ventilex B.V. asserting that Ventilex would "stand behind" the system were untrue. By that point, the system had failed to obtain approval and Ventilex had failed to "stand behind" it. While Djikman's deposition potentially provides support for the fraudulent nature of those alleged representations, it did not give rise to those causes of action for the first time.

{¶ 47} The same is true of the claim for intentional interference with contractual

relations. The conduct that led to Paramount Farms' allegation that Ventilex B.V. halted sales leads, engineering, maintenance and other support to Ventilex USA was known prior to Djikman's deposition. Djikman's statements would merely support that claim, not give rise to it. Accordingly, we cannot find that Djikman's deposition included newly discovered evidence that first gave rise to the claims in the present case.

{¶ 48} In light of the foregoing, having found that Djikman's deposition may have given support to the claims in the present case but did not give rise to them, Paramount Farms' third assignment of error is overruled.

{¶ 49} Finally, we note that appellees argue in the alternative that Paramount Farms' fraud claims are barred by California's "economic loss" rule. Having already determined that (1) Paramount Farms' fraud claim against Ventilex B.V. was barred by California's statute of limitations, and (2) Paramount Farms' fraud claim against Schroeder was barred by California's doctrine of res judicata, we decline to address appellees' alternative argument.

{¶ 50} Judgment reversed and remanded only insofar as it pertains to the claim of intentional interference with contractual relations. In all other respects, the trial court's judgment is affirmed.

M. POWELL, J., concurs.

PIPER, J., concurs in part and dissents in part.

**PIPER, J., concurring in part and dissenting in part.**

{¶ 51} I concur with the majority's opinion as it relates to the fraudulent inducement portion of appellant's first assignment of error, as well as appellant's second and third assignments of error. However, I must dissent with the majority's resolution of the intentional interference with contractual relations portion of appellant's first assignment of error. I find

that the trial did not err in holding that Paramount Farms' claim for intentional interference with contractual relations was barred by California's doctrine of res judicata because that claim involved the same primary right as the breach of express warranty claim previously litigated in the federal action.

{¶ 52} The majority quotes the California Supreme Court decision in *Boeken* for the proposition that, "[e]ven where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief." 48 Cal.4th 788 (2010). The claim for breach of express warranty in the federal action and the claim for intentional interference with contractual relations in the present case involve the same injury, and therefore give rise to only one claim for relief. Paramount Farms' injury from the breach of express warranty consisted of the cost to replace the Ventilex USA system with a system that obtained government approval, and the cost of shipping its almonds to another processor in the intermediate time. I find that to be the same injury that was suffered as a result of Ventilex B.V.'s alleged intentional interference with Ventilex USA's ability to fulfill its contractual obligations to Paramount Farms.

{¶ 53} While I agree with the majority that the facts and transactions that gave rise to the intentional interference with contractual relations claim are separate and distinct from the facts and transactions that gave rise to the express warranty claim, I would find that the present claim against Ventilex B.V. is barred by California's doctrine of res judicata because the injury suffered is the same under both legal theories. As was recently stated in *Crosby v. HLC Properties, Ltd.*, a plaintiff's primary right is, "the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based." 223 Cal.App.4th 597 (2014). Therefore, there are no separate and distinct primary rights under contract and tort theories where the injury suffered is the same under both claims.

{¶ 54} The majority cites to the *Brenelli* decision to support the argument that, "the

right to have contractual obligations performed is distinct from the right to be free from tortious behavior preventing collection of a judgment." 29 Cal.App.4th 1837 (1994). However, other California courts have found that the focus should not be on the "distinction between the legal theories pled in the two actions," but rather on the "difference between the alleged injuries and the distinction between the alleged wrongs." *Hacienda Mgmt. v. Starwood Capital Group Global I LLC*, N.D. California No. 12-0395-SC, 2012 WL 2838708, *12 (July 10, 2012). While the legal theories in the federal action and present action may differ, I agree with the trial court's holding that "[t]hese claims and the federal action claims involve the same injury to [Paramount Farms] and the same wrong by Ventilex [B.V.]."[3]

{¶ 55} Accordingly, because I find that (1) Paramount Farms suffered the same injury regardless of the theory upon which recovery is sought, and (2) California law is unsettled as to what defines a distinct primary right, I would affirm the trial court with regard to the intentional interference with contractual relations portion of appellant's first assignment of error and find that California's doctrine of res judicata barred that claim. I therefore am compelled to concur in part, and dissent in part.

---

3. I note that Paramount Farms has had multiple opportunities to litigate this matter, including the arbitration in New York and subsequently through the federal action in California. To allow this matter to continue to be relitigated is contrary to the spirit of the doctrine of res judicata that rests on the ground that, "'the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should be permitted to litigate it again to the harassment and vexation of his opponent.' Res judicata thus 'not only precludes the relitigation of issues that were actually litigated, but also precludes the litigation of issues that could have been litigated in the prior proceeding.'" (Internal citations omitted.) *People v. World Wide Mediacom*, Second Dist., Div. 3, Cal. No B241365, 2014 WL 856365 (Mar. 5, 2013).