Filed 3/24/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MARY J. McCREADY,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>WILLIAM F. WHORF,<br><br>    Defendant and Respondent. | 2d Civil No. B253164<br>(Super. Ct. No. 56-2012-<br>00421480-CU-CO-VTA)<br>(Ventura County) |

        Sometimes it's not over when it's over.  A bankruptcy extinguished defendant debtor's liability on a judgment in favor of plaintiff.  But here it did not extinguish plaintiff's lien on the bankrupt's business from which plaintiff was entitled to the assets and profits of the business.

        Shortly before his death, plaintiff's husband sold a business to defendant.  Defendant defaulted on the purchase contract payments.  Plaintiff sued and obtained a money judgment and a lien on the assets of the business including all profits.  Defendant then declared bankruptcy, terminating his personal liability on the judgment, but the lien survived.  Plaintiff brought an action for money had and received to recover post-bankruptcy profits from the business.  The trial court found for defendant on the ground that plaintiff's remedy was through the laws applicable to the enforcement of judgments.  We reverse.

FACTS

In 2007 Mary McCready's husband sold his business, BMIP Billy Bags Design ("Billy Bags"), to William H. Whorf. McCready's husband died after the sale. Whorf failed to make the payments on the sale. McCready brought an action against Whorf to recover the sales price.

On July 6, 2011, McCready obtained a judgment against Whorf in the amount of $134,927.36. The judgment provided, "In addition Mary J. McCready is awarded an equitable lien on the assets and profits of [Billy Bags]."

On July 17, 2011, Whorf filed a petition under Chapter 7 of the Bankruptcy Code. The petition showed Whorf had an average net monthly income of $10,487.72 from Billy Bags. Whorf named McCready as a creditor.

On October 24, 2011, personal liability on Whorf's debts was discharged in bankruptcy. The lien, however, remained on the assets and profits of Billy Bags.

On July 27, 2012, McCready brought the instant action against Whorf for money had and received. The complaint alleged that Whorf had been receiving $10,487.72 per month profit from Billy Bags; that McCready has a lien against those profits; and therefore profits received from the filing of the bankruptcy petition to the time of trial were monies belonging to McCready. The complaint prayed for $134,927.36 in damages, the same amount as the original judgment against Whorf.

This was a court trial in which no oral testimony was taken. Instead, the court took judicial notice of documents, including the bankruptcy petition. The settled statement recites that there was evidence after bankruptcy that Whorf had receipts from Billy Bags but made no payments to McCready.

The trial court found for Whorf. The court's ruling states in part: "[McCready's] remedy, if any, was to seek to enforce the judgment that created the lien through the use of laws applicable to the enforcement of judgments."

DISCUSSION

McCready's prior judgment gave her a lien on the assets and profits of Billy Bags. It is undisputed that although Whorf's bankruptcy extinguished his personal liability on the judgment, the lien on Billy Bag's assets and profits survived. (See *Johnson v. Home State Bank* (1991) 501 U.S. 78, 84.) Further, it cannot be disputed that any cash Whorf received from Billy Bags' operations after the bankruptcy was an asset subject to the lien. That Whorf may have disbursed the cash, instead of keeping it for McCready in a lump sum, does not make it any less of an asset subject to the lien.

In *First Nationwide Savings v. Perry* (1992) 11 Cal.App.4th 1657, FNS was the beneficiary of a deed of trust securing a loan on a single family residence. Sunrise Trust was the owner of the property. The trustee under FNS's deed of trust mistakenly executed a deed of reconveyance. The deed was recorded. Sunrise sold the property free of FNS's trust deed. FNS brought an action against Sunrise for money had and received and unjust enrichment. The trial court sustained Sunrise's demurrer. The Court of Appeal reversed stating: "In this case, FNS, through no fault of its own, lost its security in Sunrise's property. Sunrise had no legitimate claim to this previously secured portion of the property, and arguably knew or should have known it did not own all of the property. Nonetheless, it sold the property and pocketed all of the proceeds. Given these circumstances, this may prove to be a classic case of unjust enrichment." (*Id.*, at pp. 1670-1671.)

Here there was evidence that Whorf defeated McCready's lien on the profits and assets of Billy Bags by keeping the profit for himself. Whether the action lies in unjust enrichment or money had and received McCready is entitled to relief.

The trial court was concerned that Whorf's discharge in bankruptcy relieved him of personal liability. But Whorf cites no authority that a discharge in bankruptcy bars personal liability for wrongful acts committed after bankruptcy. Bankruptcy may give a debtor a fresh start, but it does not give a debtor life-long

3

immunity for wrongful behavior. Here McCready is seeking to hold Whorf liable for his post-bankruptcy actions in defeating her lien on the profits of Billy Bags.

The trial court stated McCready's remedy, if any, is to "enforce the judgment that created the lien through the use of the laws applicable to the enforcement of judgment." But a separate action on a judgment is expressly authorized by such laws. Code of Civil Procedure section 683.050, provides in part, "Nothing in this chapter limits any right the judgment creditor may have to bring an action on a judgment[.]" In fact, due to Whorf's wrongful acts in avoiding the lien, there is no other way to enforce the judgment but an action for damages.

Whorf argues McCready's action is barred by res judicata. Res judicata serves as a bar to all causes of action that were or could have been litigated in the first cause of action. (*Allied Fire Protection v. Diede Construction, Inc.* (2005) 127 Cal.App.4th 150, 155.) But res judicata is not a bar to claims that arise after the initial complaint was filed. (*Ibid.*) This is an action to enforce a judgment. It quite obviously could not have been litigated in the first action. It arose after the initial complaint was filed.

Whorf argues McCready's action is barred by collateral estoppel. Collateral estoppel applies to bar relitigation in a second action of such issues as were actually litigated and determined in the first action. (7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 413, p. 1053.) McCready did not and could not litigate issues raised here relating to the enforcement of the judgment in the first action.

Moreover, even if res judicata and collateral estoppel might otherwise apply, McCready's action to enforce the judgment is specifically authorized by Code of Civil Procedure section 683.050.

Whorf claims there is no admissible evidence to support an award of damages. McCready's evidence is: that Whorf's bankruptcy petition shows profits and so does his unverified response to requests for admissions. Whorf argues that neither is admissible. But Whorf points to no objection having been raised. In the

4

absence of an objection the evidence is admissible.  (*Estate of Silverstein* (1984) 159 Cal.App.3d 221, 225.)

In any event, as we read the trial court's ruling, it did not consider the question of damages.  Instead, it found McCready's entire action was barred.  The trial court must consider the question of damages on retrial.

The trial court was correct when it stated it would be inequitable to allow McCready to recover all the gross receipts without accounting for the expenses that were incurred to produce the receipts.  The correct measure of damages is gross profits less costs.

The judgment is reversed.  Costs on appeal are awarded to McCready.

CERTIFIED FOR PUBLICATION.


GILBERT, P. J.


We concur:



YEGAN, J.



PERREN, J.

5

Tari L. Cody, Judge

Superior Court County of Ventura

_____

Law Offices of Malcolm R. Tator, Malcolm R. Tator for Plaintiff and
Appellant.

Dennis G. Merenbach for Defendant and Respondent.