**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 1 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re:  DANA C. ANDREWS,

　　　　Debtor.

_____

JOHN R. ROBERTS, Chapter 7 Trustee,

　　　　Appellant,

　v.

ESTHER ANDREWS, as successor co-trustee and intended beneficiaries of the Andrews Family Revocable Trust; FRANK P. ANDREWS, JR., as successor co-trustee and intended beneficiaries of the Andrews Family Revocable Trust; BRENT H. ANDREWS, as successor co-trustee and intended beneficiaries of the Andrews Family Revocable Trust; F AND L PROPERTIES; ESTHER LOU LYTTON, as successor co-trustee and intended beneficiaries of the Andrews Family Revocable Trust,

　　　　Appellees.

No.　14-60047

BAP No. 13-1385

MEMORANDUM[*]

_____

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3

In re: DANA C. ANDREWS,

Debtor.

_____

DANA C. ANDREWS,

               Appellant,

v.

FRANK P. ANDREWS, JR., as successor
co-trustee and intended beneficiaries of the
Andrews Family Revocable Trust;
ESTHER LOU LYTTON, as successor co-
trustee and intended beneficiaries of the
Andrews Family revocable trust; BRENT
H. ANDREWS, as successor co-trustee
and intended beneficiaries of the Andrews
Family Revocable Trust; ANDREWS
FAMILY REVOCABLE TRUST, AKA
Andrews Family Trust; F AND L
PROPERTIES,

               Appellees.

No.   14-60048

BAP No. 13-1403

Appeals from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Jury, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted August 10, 2016, as to No. 14-60047;
Submitted August 10, 2016, as to No. 14-60048**
San Francisco, California

_____

     **    The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

     ***    The Honorable Rosanna Malouf Peterson, United States District Judge for the Eastern District of Washington, sitting by designation.

Before: GRABER and McKEOWN, Circuit Judges, and PETERSON, *** District Judge.

Appellants John Roberts (Trustee) and Dana Andrews (Debtor) appeal a Bankruptcy Appellate Panel decision affirming the bankruptcy court's order granting summary judgment for Appellee Andrews Family Revocable Trust, et al., pursuant to the application of California preclusion law.

On appeal, we review de novo. *Grenning v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014). Because the parties are familiar with the factual and procedural history, we do not recite them here.

Appellants assert that Debtor did not discover the alleged forgery in the power of attorney or the Restated Trust Agreement until after the Trust Contest Judgment had been entered. They argue that the "newly discovered facts" exception to claim preclusion applies under *Allied Fire Protection v. Diede Construction, Inc.*, 25 Cal. Rptr. 3d. 195 (Ct. App. 2005). In *Allied*, the court held that "[r]es judicata is not a bar to claims that arise after the initial complaint is filed." *Id*. at 199. However, "a plaintiff will be precluded from raising these facts later if, by exercising due diligence, he or she could have discovered the relevant information before filing the initial suit." *Id.* at 200-01 (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 914 (7th Cir. 1993)).

In this case, the exception does not apply because, "with diligence," the Debtor would have discovered the purported fraud.   As the Bankruptcy Appellate Panel noted: "The POA attached to the Trust Complaint reveals the alleged fraud on its face: Pages one and two are from the general durable POA and pages three and four are from the healthcare POA."

We have carefully considered Appellants' additional arguments and conclude that no reversible error occurred.

**AFFIRMED**.