

FILED

NOV 5 2019

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   CC-19-1116-TaLS |
| DARIN DAVIS, | Bk. No.    1:10-bk-17214-VK |
| Debtor. | |
| ASPHALT PROFESSIONALS, INC., | |
| Appellant, | |
| v. | MEMORANDUM[*] |
| DARIN DAVIS; DAVID SEROR, Chapter 7 Trustee, | |
| Appellees. | |

Submitted After Oral Argument on October 24, 2019
at Pasadena, California

Filed – November 5, 2019

Appeal from the United States Bankruptcy Court
for the Central District of California

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Victoria S. Kaufman, Bankruptcy Judge, Presiding

_____

Appearances:    Ray B. Bowen, Jr. argued for appellant; Alan Wayne Forsley of Fredman Lieberman Pearl LLP argued for appellee Darin Davis.

_____

Before: TAYLOR, LAFFERTY, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

The chapter 7[1] trustee objected to two proofs of claim filed by Asphalt Professionals, Inc. ("Asphalt"); he argued that the claims either lacked merit as a result of adverse litigation decisions or were related to already satisfied judgments.

Asphalt responded that it still held unpaid claims on account of an attorneys' fee award. But chapter 7 debtor Darin Davis supported the claim objection by reference to a stipulation resolving the relevant attorneys' fee disputes and a filed satisfaction of the related judgment.

The bankruptcy court, after consideration of these documents, sustained the objection in full. We AFFIRM.

## FACTS

**Litigation history.** Mr. Davis and a partner formed T.O. IX, LLC

_____

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

("T.O.") to develop a project in Thousand Oaks, California (the "Project"). T.O. subcontracted with Asphalt, a general engineering contractor that builds roads, streets, and sidewalks, but Asphalt later stopped work due to site plan issues and refused to resume work until the site plan was modified or it was paid to do so.

The dispute escalated; eventually the Asphalt subcontract was terminated, and it was back-charged $80,000 for the cost of hiring another subcontractor to complete the work. Asphalt responded with a state court law suit against T.O., Mr. Davis, and others. It asserted claims for breach of contract, foreclosure on a mechanic's lien, fraud, conspiracy to defraud, and quantum meruit. It also alleged that T.O. was Mr. Davis's alter ego.

Before the lawsuit went to trial, Mr. Davis filed a chapter 7 petition. Asphalt filed a § 727(a) action; it also filed a § 523(a)(2) action to determine that its fraud-related causes of action were nondischargeable.

The bankruptcy court granted Asphalt stay relief to proceed with the state court litigation. And the state court trifurcated the action into three phases: Phase One (breach of contract, foreclosure on a mechanic's lien, and quantum meruit); Phase Two (alter ego); and Phase Three (fraud and punitive damages).

In Phase One, Asphalt obtained a judgment for damages and attorneys' fees. Next, the state court resolved the Phase Two issues and found that Mr. Davis was an alter ego of entity defendants.

3

Asphalt filed various motions to recover attorneys' fees which the parties settled through a stipulation (the "Final Fee Stipulation"). Its fact section acknowledged the three phase trifurcation of the state court trial and Asphalt's multiple motions seeking to recover its awards of attorneys' fees incurred in Phase One and Phase Two of the trial. It stated that the parties agreed to resolve the fee disputes and stipulated that: "All Defendants in the instant action have satisfied the judgment" by paying Asphalt the amounts awarded by the state court. The Final Fee Stipulation also provided, in paragraph (h), that it applied "only to the Judgment and award of attorney's fees and costs referenced herein and shall not be construed to have any impact, bearing or effect upon the pending rights, claims and causes of action collectively referred to as Phase III in the above-referenced litigation . . . ."

Asphalt later filed an acknowledgment of satisfaction of judgment; it has never argued that it was not paid as provided in the Final Fee Stipulation.

The bankruptcy court eventually tried the § 727 claims and found in Mr. Davis's favor. And weary of delay, it decided that it would not wait for the Phase Three trial and tried the § 523(a)(2) fraud claims itself. After trial, it again entered a judgment in Mr. Davis's favor.

**Asphalt's bankruptcy claims.** Asphalt filed a proof of claim ("Claim 4") based on the state court litigation. As a result of payments

4

relevant to Phase One and Two of the state court litigation, the bankruptcy court later disallowed it in part. For some reason Asphalt also filed another proof of claim ("Claim 15"), based exclusively on the Phase Three claims.

Once the bankruptcy court ruled against Asphalt on its claims of fraud, the Trustee objected to the remaining portion of Claim 4 and Claim 15. In a tentative ruling, and in reasoning that Asphalt does not dispute on appeal, the bankruptcy court concluded that the § 523(a)(2) judgment in Mr. Davis's favor resolved all Phase Three claims adversely to Asphalt and that it was not entitled to any recovery based on Phase Three assertions. And Asphalt does not argue that any amount remains payable on account of its Phase One recoveries. On appeal, it asserts only that it retains a claim, presumably under Claim 4, for unpaid fees of $416,445.00 connected with Phase Two of the state court action. The bankruptcy court allowed additional briefing on Asphalt's claim for unpaid fees.

At this point, Mr. Davis placed the Final Fee Stipulation and the satisfaction of judgment before the bankruptcy court; he asserted that the amount of Phase Two fees was already resolved and that they were paid in full. Asphalt objected to Mr. Davis's filings.

The bankruptcy court then issued a second tentative ruling. Concerning the stipulated judgment, the bankruptcy court noted: "In the Final Fee Stipulation, the parties reference the first and second phases of trial and agree to resolve the outstanding fee dispute; in fact, the parties

5

explicitly excluded from the Final Fee Stipulation *only* rights, claims and causes of action related to the *third* phase of trial." The state court record, it asserted, established that Asphalt had moved for and obtained an attorneys' fee award "as to the alter ego phase of litigation." It continued:

> In light of the above, the fee awards related to the first and second phases of the State Court Action were final orders by a court having jurisdiction. Debtor and [Asphalt] were parties to the fee litigation surrounding phase two of the State Court Action. [Asphalt] now seeks an additional award of attorneys' fees based on the same fees and costs incurred by [Asphalt] and already assessed by the state court in connection with the fee awards. To the extent [Asphalt] asserts it has billing statements it did not present to the state court, [Asphalt] is barred by the doctrine of res judicata because the additional request for fees and costs *could have been* asserted before the state court.

At the hearing, the bankruptcy court overruled all of Asphalt's evidentiary objections and sustained the Trustee's objection to the claims for the reasons stated in the tentative rulings, including because "the record that's been presented makes it pretty clear that there are no unpaid fees due for [Phase Two], that there was a stipulation to resolve them and all the other issues that are raised in the written ruling." Hr'g Tr. (Apr. 25, 2019) 12:12–24.

The bankruptcy court entered a separate order sustaining the Trustee's objection to Asphalt's claims. Asphalt timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court err when it sustained the Trustee's objection to Asphalt's proofs of claim?

Did the bankruptcy court deny Asphalt due process?

## STANDARDS OF REVIEW

In the claim objection context, we review the bankruptcy court's legal conclusions de novo and its findings of fact for clear error. *Lundell v. Anchor Const. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000). A finding is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quotation marks omitted).

Similarly, we review rulings about the availability of claim preclusion de novo, but we review the actual decision to apply it for an abuse of discretion. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988); *Alary Corp. v. Sims (In re Associated Vintage Grp., Inc.)*, 283 B.R. 549, 554 (9th Cir. BAP 2002).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings

7

that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

We review whether a litigant's due process rights were violated de novo. *DeLuca v. Seare (In re Seare)*, 515 B.R. 599, 615 (9th Cir. BAP 2014).

## DISCUSSION

Here, the bankruptcy court's decision relies on both issue and claim preclusion under federal common law and state law, but we consider only California claim preclusion law on appeal.

Under California law, claim preclusion "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002). Claim preclusion requires that: (1) the second lawsuit must involve the same "cause of action" as the first lawsuit; (2) the first lawsuit must have resulted in a final judgment on the merits; and (3) the party to be precluded must have been a party, or in privity with a party, to the first lawsuit. *See San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2008). Courts may, but are not required to, inquire into fairness and public policy before applying the doctrine of claim preclusion. *See Roberts v. Andrews Family Revocable Tr. (In re Andrews)*, BAP No. EC-13-1385-JuTaKu, 2014 WL 2547808, at *8 (9th Cir. BAP June 5, 2014),

*aff'd*, 668 F. App'x 757 (9th Cir. 2016).

**The bankruptcy court did not err when it sustained the Trustee's claim objection.** Asphalt based both of its proofs of claim on the issues raised in its state court action. Asphalt's sole argument on appeal relates to allegedly unpaid attorneys' fees related to Phase Two. It does not dispute that federal issue preclusion bars any recovery on its fraud or Phase Three claims and that its Phase One claims were paid in full. It acknowledges that the Phase Two alter ego claims did not result in actual damages and that some fees in relation to Phase Two were liquidated and paid in full.

The bankruptcy court concluded that the state court record established that Asphalt had already moved for and obtained the attorneys' fee award for Phase Two. The parties, it noted, had settled *all* disputes arising from the first two phases of litigation through the Final Fee Stipulation, and the satisfaction of judgment evidenced payment in full of these amounts. Thus, final judgments existed, and claim preclusion prevented Asphalt from seeking any additional recoveries for fees.

On appeal, Asphalt argues that the bankruptcy court erroneously interpreted the Final Fee Stipulation. It suggests that paragraph (h) states that the stipulation did not affect all Phase Two fee recoveries. In particular, it argues that it had not applied for certain Phase Two fees apportioned to the Debtor because of his bankruptcy and that the stipulation did not limit recovery of these fees.

When we consider the text of the Final Fee Stipulation, however, we conclude that the bankruptcy court correctly interpreted it.[2] Asphalt erroneously interprets paragraph (h). It only excluded fees connected with Phase Three from the scope of the settlement agreement; and Phase Three involves exclusively fraud claims. The bankruptcy court's finding is thus not erroneous.

In addition, Asphalt fails to address the bankruptcy court's claim preclusion reasoning; it concluded that claim preclusion was available and prevented Asphalt from seeking additional Phase Two fees because it had the opportunity to seek all such fees in the fully satisfied Phase Two judgment. As the bankruptcy court correctly held, where the same primary right is involved in two actions, California's doctrine of claim preclusion bars both claims actually litigated and claims that could have been litigated in the first suit. *Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 576 (2010); *see Palomar Mobilehome Park Ass'n v. City of San Marcos,* 989 F. 2d 362, 364 (9th Cir. 1993). Here, Asphalt could have litigated its alleged attorneys' fee claims or sought to include them in the settlement of Phase Two issues. To the extent it did not do so, it cannot now seek to enlarge the state court judgment, and claim preclusion, similarly, bars it from seeking recovery

---

[2] Although we "review de novo the [bankruptcy court's] interpretation of a stipulation of settlement[,]" we "defer to any factual findings made by the [bankruptcy court] in interpreting the settlement agreement unless they are clearly erroneous." *Parsons v. Ryan*, 912 F.3d 486, 495 (9th Cir. 2018) (internal quotation marks omitted).

10

through the back door of a proof of claim.

Asphalt's failure to engage with this issue is fatal. We review *de novo* a bankruptcy court's determination that preclusion is available. Having done so, we agree that claim preclusion was an appropriate basis for decision; Asphalt does not argue to the contrary. We then review the *application* of claim preclusion for an abuse of discretion. Here, Asphalt never argues that the bankruptcy court erred in its application. We discern no abuse of discretion here and deem any contrary argument waived. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Asphalt's other appellate arguments are equally unconvincing.

First, Asphalt contends that the bankruptcy court abused its discretion when it summarily overruled its evidentiary objections. But here the bankruptcy court's decision, at heart, relied on two documents from the state court docket that had already been placed before it in connection with the first claim objection. Asphalt never argues that the bankruptcy court could not take judicial notice of these documents. *See* Fed. R. Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record.' "). And we do not disturb evidentiary rulings without a showing of prejudice. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 933 (9th Cir. 2014). The record does not establish the required prejudice.

Second, Asphalt argues that the bankruptcy court erred by not

conducting a lodestar analysis of its Phase Two fees. But, as the bankruptcy court correctly concluded that claim preclusion barred any additional Phase Two fee recovery, a lodestar analysis was unnecessary.

Third, Asphalt argues that the bankruptcy court erred when it allowed Mr. Davis to file papers because he lacked standing; even if this was error, the argument fails. Again, the relevant documents produced by Mr. Davis were previously provided to the Court and appropriately subject to judicial notice. Asphalt never shows that the bankruptcy court would rule differently if we reversed, remanded, and the Trustee introduced those papers.

**The bankruptcy court did not deny Asphalt due process.** Asphalt finally argues that the bankruptcy court denied it constitutional due process because it did not have the opportunity to object to Mr. Davis's filings or respond with evidence of its own. And it argues that the bankruptcy court denied it procedural due process by considering Mr. Davis's supplemental filings.

Constitutional due process "requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (internal quotation marks omitted). Procedural due process "requires a notice and an opportunity to be heard." *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860,

870 (9th Cir. BAP 2004).

Asphalt's arguments are not persuasive. It was on notice that the bankruptcy court would consider its entitlement to attorneys' fees. In addition, the bankruptcy court continued the initial claim objection hearing so it could present additional evidence on the point. It did so. And it obviously knew about the Final Fee Stipulation and the satisfaction of judgment, both of which it signed.

Asphalt's real problem is the fact that the bankruptcy court considered all evidence, including the state court documents supplied by Mr. Davis. But it had an opportunity to object to this evidence, and the record makes clear that the bankruptcy court considered these objections and overruled them. As a result, it had notice and an opportunity to be heard sufficient for due process purposes. It simply disagrees with the bankruptcy court's interpretation of the relevant state court documents, but this does not support a due process challenge.

## CONCLUSION

Based on the foregoing, we AFFIRM.